UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL ALAN CROSIER,

    Petitioner,

-vs-                                        Case No.  8:10-CV-2419-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus *sua sponte*).

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."  28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on Monday, July 30, 2007,[1] and the limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P., Rule 3.850 on August 12, 2008.[2] The motion, however, was filed beyond the July 30, 2008 federal limitation deadline. As a consequence, the motion, and the subsequent appeal from the denial of that motion, did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Thus, 1010 days of untolled time passed before Petitioner filed his federal habeas petition on May 5, 2010 (Dkt. 1 at pg. 1). Consequently, Petitioner's federal habeas petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United*

---

[1] According to Petitioner's petition, he did not appeal his conviction or sentence (Dkt. 1 at pg. 2). Therefore, his conviction became final on July 30, 2007 (July 28, 2007 was a Saturday), thirty days after his sentencing on June 28, 2007. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires).

[2] The Court takes judicial notice of information available October 29, 2010, on the database maintained by the Clerk of the Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, which indicates that Petitioner filed his Rule 3.850 post-conviction motion on August 12, 2008. The motion was denied on February 24, 2009.

*States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). *See also, Holland v. Florida*, 130 S. Court. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation and internal quotations omitted).

In the instant case, Petitioner appears to assert in his petition that he is entitled to equitable tolling because he "is functionally illiterate, [and] was misadvised, lied to and the facts misrepresented from the onset and Petitioner was subjected to the amoral intent of unpricipled [sic] jailhouse law clerks[.]" (Dkt. 1 at pg. 3). Petitioner's alleged "functional illiteracy" does not, however, entitle him to equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable [habeas] filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *Malone v. Oklahoma*, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (unpublished opinion) (stating that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing). Likewise, Petitioner's vague claim that prison law clerks misadvised him is not an extraordinary circumstance justifying equitable tolling. *See e.g. Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (allegation that inmate law clerk who assisted the petitioner took 170 days to prepare a state habeas application held to be insufficient to warrant equitable tolling, because the fact that another inmate provided assistance "did not relieve [petitioner] from his personal responsibility of complying with the

3

law");  *Heinken v. Higgins*, 2005 U.S. Dist. LEXIS 38637, at *15 (W.D. Okla. Nov. 29, 2005) ("Petitioner's claims regarding inadequate assistance from 'persons trained in the law' or inmate law clerks does not merit equitable tolling."); *Joubert v. McNeil*, 2009 U.S. Dist. LEXIS 124703, *18 (S.D. Fla. Dec. 29, 2009) ("The Eleventh Circuit has expressly held that equitable tolling should not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation. *Helton v. Sec'y. Dept. Of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001). Accordingly, any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling.").

Petitioner has not shown that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence that prevented timely filing of his federal habeas petition. Therefore, he is not entitled to equitable tolling.

**Actual Innocence**

Petitioner appears to assert that the Court should address the merits of his petition because of his actual innocence. In *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008), the Eleventh Circuit Court stated:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence.

A showing of actual innocence "requires the petitioner to produce new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

4

or critical physical evidence--that was not presented at trial." *Id*. (quotation omitted). Petitioner has made no such showing. Instead of offering new evidence that he is factually innocent of the crimes to which he pleaded no contest,[3] Petitioner argues that there was an insufficient factual basis to support his plea ("[Petitioner] was duped into a guilty plea when there was NO EVIDENCE of a criminal act or intent."); ("The Petitioner avers that he was lied to, misled, coerced, and cornered into a plea, when the state had no witnesses other that [sic] the victims [sic] statement." (See Dkt. 1 at pgs. 5-6).

Further, he appears to argue that a "letter of release" filed by the State Attorney on January 23, 2007, establishes his actual innocence ("And the state by its own admission on the letter of release clearly stated they were not pursuing the prosecution of this case due to a lack of sufficient evidence.") (Dkt. 1 at pg. 15). However, even if the letter of release may be considered evidence, it only shows a decision by the State Attorney's Office declining to prosecute at that time because of a lack of sufficient evidence. Petitioner has not demonstrated that the "letter of release" is evidence of his factual innocence of the crimes to which he pleaded guilty. Thus, even if there is an actual innocence exception to the time period for seeking habeas relief, Petitioner has failed to present new evidence showing his actual innocence.[4] Consequently, the petition must be dismissed as time-barred.

---

[3]The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

[4]Furthermore, "[i]n order to qualify as 'new,' the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence." *Marshall v. McDonough*, 2008 U.S. Dist. LEXIS 34205, 2008 WL 1897595, at *5 (M.D. Fla. Apr. 25, 2008) (citing *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006)). *See also, United States v. Starr*, 275 Fed. Appx. 788, 2008 WL

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **December 1, 2010.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition

---

1868030, at *1 (10th Cir. Apr. 28, 2008)(victim's statements were not "new" evidence where statements were made and available before trial, had been discovered by defense counsel before trial, and could have been presented at trial). According to the documents filed with Petitioner's habeas petition, the letter of release was filed with the clerk of the court on January 23, 2007 (Dkt. 1 at pg. 27). He entered his guilty plea on June 28, 2007 (Id. at pg. 28).

is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 1, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*